IN THE MATTER OF THE REINSTATEMENT OF MCCUTCHEON
2023 OK 18
Case Number: SCBD-7317
Decided: 02/28/2023
IN THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2023 OK 18, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

In the Matter of the Reinstatement of: Laure A. McCutcheon, (formerly Laure ) M. Resides to Membership in the Oklahoma Bar Association and to the Roll of Attorneys, Petitioner,
v.
Oklahoma Bar Association, Respondent.

ORIGINAL PROCEEDING FOR ATTORNEY REINSTATEMENT

¶0 Petitioner seeks reinstatement to the Oklahoma Bar Association after the Bar suspended her license for non-compliance with MCLE and non-payment of dues. The Trial Panel of the Professional Responsibility Tribunal unanimously recommended Petitioner for reinstatement. The Bar supports this recommendation. Upon de novo review we hold that Petitioner has met all requirements for reinstatement to the Oklahoma Bar Association.

PETITION FOR REINSTATEMENT GRANTED;

PETITIONER ORDERED TO PAY COSTS AND FEES

Gary A. Rife, Norman, Oklahoma, for Petitioner.

Loraine D. Farabow, First Assistant General Counsel, Oklahoma Bar Association, for Respondent.

Edmondson, J. 

¶1 Petitioner Laure M. McCutcheon seeks reinstatement as a member

of the Oklahoma Bar Association pursuant to Rule 11, Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2021 ch. 1, app. 1-A. After filing her petition, the Professional Responsibility Tribunal (PRT) held a hearing pursuant to Rule 6, RGDP. We hold the record shows by clear and convincing evidence that McCutcheon has met the prerequisites for reinstatement.

FACTS AND PROCEDURAL HISTORY

¶2 At the PRT hearing, both parties presented exhibits, Petitioner testified and presented two other witnesses, and the Bar presented only one witness, its investigator. At the conclusion of the hearing, the Bar joined the Petitioner in her Petition. The PRT prepared a report and unanimously recommended reinstatement. The Bar and Petitioner submitted a joint brief in support of reinstatement. The following evidence was obtained during the hearing.

¶3 Petitioner's license was suspended on June 6, 2016 by Order of Suspension entered in SCBD #6396 for non-compliance with the Bar's mandatory continuing legal education requirements for the 2015 licensure year. On October 16, 2016, she completed twelve (12) hours of MCLE approved by the OBA. Petitioner believed that completing these hours resolved her suspension for failing to complete the 2015 MCLE requirements. Subsequently, on May 30, 2017, she was suspended for non-payment of dues by Order of Suspension entered in SCBD #6510. She was then stricken from the membership rolls of the Bar on June 19, 2017 in SCBD #6396.

¶4 In 2015, the year she failed to obtain the requisite MCLE hours, Petitioner filed for dissolution of her marriage. These proceedings were highly contentious and included emergency custody relief for the couple's minor child. The custody litigation was ongoing for more than three years and took a personal toll on the Petitioner. By mid-year 2015, Petitioner voluntarily stopped practicing law and sought employment in non-attorney positions that would not be as demanding of her time. She was not practicing law at the time her license was suspended.

¶5 Petitioner was admitted to the Oklahoma Bar Association on September 26, 2002, upon successful completion of the Bar examination and graduation from the Oklahoma City University School of Law, magna cum laude. She has not been disbarred by the Oklahoma Bar Association or by any other state or federal bar. The Bar has never disciplined Petitioner and she has never resigned pending investigation or disciplinary proceedings from the Bar or any other state or federal bar. No funds from the Client Security Fund have ever been expended on her behalf. Petitioner has no criminal record, tax liens, or civil judgments against her.

¶6 Following admission to the Bar, Petitioner resided and practiced law in the State of Oklahoma from her admission until September, 2015. She initially worked for a large Oklahoma City law firm for two years. She then practiced law and served as a managing member with her ex-husband until their firm dissolved in December, 2013. Next, she worked at a company owned by her ex-husband, handling various legal matters until July, 2015.

¶7 From September 2015 through the present, Petitioner has been employed in non-attorney roles; she has not practiced law. For the past three years, she has been employed in legal support roles working directly with supervising attorneys relating to the negotiating and drafting of commercial contracts. Petitioner has regularly worked with the supervising attorney to develop analyses of legal issues and potential risk issues relating to these contracts. Petitioner had no decision-making power over what contracts were signed or the kind of risks the company took on. Petitioner is currently employed by a law firm based in Denver, Colorado working under the supervision of the managing attorney, who is aware that she is not currently licensed to practice law in Oklahoma. Her work duties are similar to a paralegal and include drafting and reviewing commercial contracts, master service agreements, employment contracts, corporate governance documents, and ancillary agreements for merger and acquisition transactions. All contract forms are provided by the managing attorney who is solely responsible for making the necessary legal assessments and decisions before documents are provided to the client.

¶8 Petitioner testified that she was not engaged in the practice of law at the time of her suspension, and thus, she had no clients to notify as required by Rule 9.1, RGDP.

¶9 Next we turn to the evidence regarding McCutcheon's competency to resume the practice of law. McCutcheon testified that she has remained informed of legal issues through her two most recent work positions working in the legal field in non-lawyer roles as a contract specialist and paralegal. She is immersed in the legal field with her work; she is privy to many conversations with attorneys who identify risks, liabilities and other contractual needs of a company. McCutcheon drafts and reviews contracts under the supervision of an attorney, conducts legal research and prepares legal memorandums on various issues as directed by her supervisor. She regularly reviews the Bar Journal articles on topics ranging from data breaches to indemnity statutes, areas which are relevant to her current employment and to the area of law she would like to practice if reinstated. McCutcheon testified that she has kept up with changes in the legal field through continuing legal education.

¶10 The Trial Panel found that despite her absence from the practice of law, Petitioner has continued to study and keep herself informed of current developments in the law sufficient to maintain her competency. During the last three (3) years, she has attended and successfully completed sixty (60) hours of continuing legal education classes with 16 hours in ethics credits. In addition, her work duties have kept her immersed in the legal field working under licensed attorneys, assisting with drafting documents and performing legal research without offering legal opinions. Her current employment is highly collaborative with her supervising attorney, with whom she discusses various legal matters relevant to her employment on a daily basis. If reinstated, Petitioner intends to continue her current employment expanding her role from a paralegal to an attorney. The Trial Panel discussed Petitioner's impressive skill set including serving as research editor of the Law Review during law school, demonstrating her ability to keep herself apprised of the law and changes thereto through legal research. She worked for twelve years as a licensed attorney prior to her suspension. The Trial Panel found that Petitioner established by clear and convincing evidence that in spite of her absence from the practice of law, she has continued to study and has kept informed as to current developments in the law sufficient to determine she is competent in the law.

¶11 With respect to McCutcheon's moral fitness, she provided credible testimony from multiple witnesses, including a number of work colleagues, regarding her ethical and moral character. The Trial Panel found that there was "overwhelming evidence of Petitioner's good moral and ethical character."

¶12 Petitioner has paid all amounts owed for back dues and fees and has satisfied her MCLE requirements. Upon reinstatement, Petitioner will owe $400 for late compliance fees and a reinstatement fee of $500 for a total of $900. The Bar Association filed an application for reimbursement of $382.70 in costs related to the Professional Responsibility Tribunal hearing.

Petitioner has agreed to pay the costs and all fees.

STANDARD OF REVIEW AND ANALYSIS

¶13 This Court has the non-delegable, constitutional responsibility to regulate both the practice of law and the ethics, licensure, and discipline of Oklahoma lawyers. In re Reinstatement of Kerr, 2015 OK 9345 P.3d 1118In re Reinstatement of Goforth, 2019 OK 1434 P.3d 944In re Reinstatement of Christopher, 2014 OK 73330 P.3d 1221In re Goforth, supra. ¶ 5, 434 P.3d at 947. An applicant seeking reinstatement will be required to present stronger proof of qualifications than one seeking admission for the first time. Rule 11.4, RGDP.

¶14 Petitioner has established by clear and convincing evidence of her 1) present moral fitness; 2) conduct post-suspension as it relates to moral fitness and her professional competence; 3) she has not engaged in the unauthorized practice of law; 4) and she has complied with all rule-mandated requirements for reinstatement. Petitioner presented extensive evidence through exhibits and witness testimony to establish each of these factors. The Bar's investigation supported these findings and conclusions.

CONCLUSION

¶15 Petitioner has complied with all of the requirements for reinstatement. We hold Petitioner has met her burden of proof and established by clear and convincing evidence her eligibility for reinstatement without examination. Within thirty days of the date of this opinion, Petitioner shall pay the costs incurred in this proceeding in the amount of Three Hundred Eighty-Two Dollars and Seventy Cents ($382.70) as required by Rule 11.1 (c), RGDP. She shall also pay the fees for late compliance and reinstatement in the amount of Nine Hundred Dollars ($900.00). Upon payment of these costs, fees, and her 2023 membership dues, the Petitioner shall be reinstated to membership in the Oklahoma Bar Association and her name shall be added to the roll of attorneys. Following reinstatement she shall complete mandatory continuing legal education in the same manner as other members of the bar.

PETITION FOR REINSTATEMENT GRANTED;

PETITIONER ORDERED TO PAY COSTS AND FEES

ALL JUSTICES CONCUR

FOOTNOTES

Matter of the Reinstatement of Holloway, 2020 OK 8458 P.3d 1076